UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACOB FREEMAN,<br>    *Plaintiff.*<br>        v.<br>NAQVI, et al.,<br>    *Defendants.* | )<br>)<br>)<br>)<br>) | CASE NO. 3:24-cv-00159 (KAD)<br><br><br>APRIL 19, 2024 |

**INITIAL REVIEW ORDER**

Kari A. Dooley, United States District Judge:

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff, a pretrial detainee, filed the instant complaint for damages under 42 U.S.C. § 1983 against Dr. Naqvi and RN Hollie for deliberate indifference to his medical needs.

A pretrial detainee's claims of deliberate indifference to medical needs are considered under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29–35 (2d Cir. 2017); *Charles v. Orange Cnty.*, 925 F.3d 73, 85 (2d Cir. 2019). To prevail on a Fourteenth Amendment deliberate indifference claim, a plaintiff must allege facts to satisfy two prongs: (1) an objective prong showing that plaintiff's condition poses an unreasonable risk of serious harm, *Charles*, 925 F.3d at 86; and (2) a "*mens rea*," prong, "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. The court in *Charles* held that though "*Darnell* did not specifically address medical treatment, the same principle applies" in a medical context. *Charles*, 925 F.3d at 87.

1

Plaintiff alleges that he suffered a severe chemical burn to his eye and that he was denied immediate and necessary treatment, resulting in unnecessary pain, a worsening of the condition, and increased risk of future injury or damage to the eye. Courts in this Circuit have found conditions that threaten vision constitute serious medical needs sufficient to meet the objective prong of a deliberate indifference claim. *See Acevedo v. Wilson*, No. 3:16-CV-1967 (JAM), 2017 WL 80247, at *3 (D. Conn. Jan. 9, 2017) (collecting cases). Courts have also found that allegations of treatment delays when officials should have known the risks of harm flowing therefrom are sufficient to meet the *mens rea* prong at the pleading stage. *See Telford v. Naqvi*, No. 3:22-CV-00444-MPS, 2022 WL 21756755, at *4 (D. Conn. July 15, 2022), *report and recommendation adopted,* No. 3:22-CV-00444 (MPS), 2022 WL 21756756 (D. Conn. Aug. 10, 2022). Therefore, for purposes of initial review, Plaintiff has alleged sufficient facts to support his deliberate indifference to medical needs claim under the Fourteenth Amendment against Dr. Naqvi and RN Hollie.

The Court enters the following orders:

(1) Plaintiff may proceed on his Fourteenth Amendment claims for damages against RN Hollie and Dr. Naqvi in their individual capacities.

(2) The Clerk shall verify the current work address for RN Hollie and Dr. Naqvi with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the Complaint to them at their confirmed address **by May 3, 2024,** and report on the status of the waiver request on the **thirty-fifth (35th) day** after mailing. If a Defendant fails to return the waiver request, the Clerk shall arrange for in-person individual capacity service by the U.S. Marshals Service on that Defendant, and that Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall mail a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) The Defendants shall file their response to the Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. Defendants may also include any additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **November 19, 2024**.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court.

(7) All motions for summary judgment shall be filed by **December 20, 2024**.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c) provides that he MUST notify the Court. **Failure to do so may result in the dismissal of the case**. Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. He should also notify Defendants or defense counsel of his new address.

(10) Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. Plaintiff is advised that the Program may be used only to file documents with the Court. Discovery requests shall not be filed with the Court, see D. Conn. L. Civ. R. 5(f), and must be served on Defendant's counsel by regular mail.

**SO ORDERED** this 18th day of April 2024, at Bridgeport, Connecticut.

> /s/ *Kari A. Dooley*
> KARI A. DOOLEY
> UNITED STATES DISTRICT JUDGE